

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN 11, TEXAS

GERALD C. MANN
XXXXXXXXXXXXXXXXXXXXXXXXX
ATTORNEY GENERAL

Hon. G. N. Groves, County Auditor
Limestone County
Groesbeck, Texas

Dear Sir:

Opinion No. O-284
Re: Can the salary of an Assistant
County Auditor be raised after
it has been set by the District
Judges and set up in the budget?

Your letter of February 3, 1939, addressed to the Hon. Gerald C. Mann, Attorney General, has been referred to the writer. You request an opinion of this Department as to whether or not the salary of an Assistant County Auditor can be raised after it is set by the District Judges and set up in the budget.

Your letter states that the 1939 budget reveals the salary of the Assistant County Auditor at $50.00 less than the maximum allowed. We are unable to find that a maximum salary to be paid Assistant County Auditors is contained in any statute.

Your attention is directed to Article 1650, R. C. S. of Texas, and we believe this article to apply exclusively of any other statute to the procedure for the appointment of Assistant County Auditors and the salaries to be paid, excepting Article 1673, R.C.S., which applies only to counties with more than 330,000 population.

Article 1650, effective May 20, 1935, provides as follows:

"The County Auditor of any county of this State may, at any time, with the consent of the District Judge or District Judges having jurisdiction as hereinafter procided, appoint a first assistant and other assistants who shall be authorized to discharge such duties as may be assigned to them by the County Auditor and provided for by law.........

"The County Auditor shall prepare a list of the number of deputies sought to be appointed, their duties, qualifications and experience, and the salaries to be paid each, and shall certify the list to the District Judge, or in the event of more than one District Judge in the County, to the District Judges, and the District Judge or the District Judges shall then carefully consider the application for the appointment of said assistants and may make all necessary inquiries concerning the qualifications of the persons named, the positions sought to be

filled and the reasonableness of the salaries requested,
and if, after such consideration, the District Judge, or
in the event of more than one District Judge, a majority
of the District Judges shall approve the appointments sought
to be made or any number thereof, he or they shall prepare
a list of the appointees so approved and the salaries to
be paid each and certify said list to the Commissioners'
Court of said county........"

You will note that the duty of determining the reasonableness
of the salary to be paid is incumbent upon the District Judge or District
Judges, and that no mimimum or maximum amounts are set forth for the
determination of the reasonableness of the salary or salaries.

Article 689a-20, R. C. S. of Texas, provides as follows:

"Nothing contained in this act shall be construed as
precluding......the County Commissioners Court from making
charges in the budget for county purposes."

It is logically held that by the term, "county purposes" is
meant expenses that are constantly recurring, such as the salaries of
county officers. Obenshain vs. Daggett, 137 Pac. 212.

We believe that under the above Article 689a-20, the Com-
missioners' Court may make budget changes for county purposes so long
as the changes will not cause the total expenditures to exceed the total
county income.

Therefore, it is our opinion that upon application to the
District Judges and a resulting approval by the District Judges as to
the reasonableness of the increase in the Assistant County Auditor's
salary, the Commissioners' Court may authorize the increased salary by
making the change in the budget.

Believing this to answer your inquiry, we are

Very truly yours

ATTORNEY GENERAL OF TEXAS

By s/Pat Coon
Pat Coon
Assistant

PC:AW:wc

APPROVED: s/Gerald C. Mann    ATTORNEY GENERAL OF TEXAS